# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLENN H. GORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-1342-F |
| | ) |
| DAVID C. MILLER, Warden, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at the Lawton Correctional Facility, ("LCF"), a private prison. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, it is recommended that the complaint be dismissed upon filing and that the dismissal count as one "strike" pursuant to 28 U.S.C. § 1915(g).

Plaintiff's Civil Rights Complaint

Rather than file this civil rights action on a form complaint, Plaintiff filed a handwritten three-page pleading titled "Motion of Denial of Federal Rules of Civil Procedure w/Brief in Support." [Doc. No. 1, hereinafter, "Complaint"]. Although the nature of Plaintiff's cause of action is not entirely clear, it is not necessary to require the filing of a form complaint because it appears Plaintiff primarily alleges that he is being denied access to certain legal materials. Complaint, p. 1. Plaintiff complains that Defendant Miller has

rejected his grievances on this issue. *Id.*, p. 2.  Plaintiff seeks injunctive relief in the form of an order requiring LCF officials to provide a copy of the Federal Rules of Civil Procedure "in the complete format that it was published" in order to obtain "new case evidence . . . to try to show that Plaintiff did try to exhaust his administrative remedies before filing." *Id.*, pp. 1-2.

Standard for Initial Screening

Pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B), the Court must review the amended complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  *See also* 42 U.S.C. § 1997e(c)(1). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).  In determining whether dismissal is proper, the Court must accept the allegations of a complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.  *Id.*  If a complaint does not include "enough facts to state a claim to relief that is plausible on its face," dismissal is proper. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974 (2007).

A pro se plaintiff's complaint should be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Haines v. Kerner*, 404 U.S.

519, 520 (1972). However, this broad reading "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *See Twombly*, 127 S.Ct. at 1964-65 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotations and citations omitted); *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege the deprivation of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Amer. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). As discussed below, Plaintiff cannot prevail in a § 1983 action against the named Defendant on the facts alleged. Further, because giving Plaintiff a further opportunity to amend would be futile, the complaint should be dismissed. *See Hall*, 935 F.2d at 1110.

Analysis

Access to the Courts Claim

Plaintiff states that there is no direct access to the prison law library or "state and federal statute lawbooks or dietary manuals or other legal reference materials and/or attorney addresses." Complaint, p. 1. Plaintiff alleges that he has requested and has been denied, even through the grievance system, access to a copy of the "Federal Rules of Civil Procedure

as well as other items I need for court." *Id.* According to Plaintiff, the law library will only provide a copy of indexes for state and federal statutes. *Id.* Without identifying the case, Plaintiff states that he has previously made this request of the "district court" and was denied. *Id.*, p. 2.

This claim implicates the Fourteenth Amendment's Due Process Clause, which "guarantees state inmates the right to 'adequate, effective, and meaningful' access to the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)). However, even when court access is restricted by, for example, denial of access to legal materials or assistance, in order to state a claim, the prisoner must show prejudice or actual injury, from the defendant's actions. *See Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (*per curiam*). Further, the prejudice must involve a hindrance to the plaintiff's pursuit of a claim challenging a conviction, sentence, or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Impairment of any other litigating capacity is "simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id. See also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus."); *Love v. Summit County*, 776 F.2d 908, 914 (10th Cir. 1985) ("The Supreme Court has never extended the Fourteenth Amendment due process claim based on access to the courts . . . to apply further than protecting the ability of an inmate to prepare a petition or complaint.").

In *Cosco v. Uphoff*, 195 F.3d 1221 (10th Cir. 1999) (*per curiam*), eight state prisoners alleged that prison officials had denied them access to the courts in various ways, including restrictions on access to a law library. *Id.* at 1222. The Tenth Circuit Court of Appeals upheld dismissal of this claim noting that the plaintiffs "had merely set forth conclusory allegations of injury. There is no evidence that [prison officials] hindered [the plaintiffs'] efforts to pursue a legal claim." *Id.* at 1224. *See also Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) ("Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice.").

Likewise, in the present case, Plaintiff has failed to set forth more than conclusory allegations. In his complaint, he simply states that he has a "new case" and that he has been denied adequate access to a law library or the Federal Rules of Civil Procedure. Although Plaintiff suggests that he requested the legal materials to provide evidence regarding exhaustion of administrative remedies, Plaintiff has failed to provide any further details or factual support to show prejudice or actual injury as a result of this alleged denial. Moreover, he has not indicated what type of litigation he has been unable to pursue. Thus, even if Plaintiff has suffered prejudice, it is impossible to determine if this prejudice is "one of the incidental consequences" of incarceration or the impairment of his constitutional right to challenge a previous conviction, sentence or his conditions of confinement. *See Lewis*, 518 U.S. at 351.

Finally, Plaintiff's ability to file the present action undermines his contention that his access to the courts has been hindered by an inability to file an initial pleading in his "new

case." *See Carper*, 54 F.3d at 617; *Love*, 776 F.3d at 914. Accordingly, the undersigned finds that Plaintiff's access to the courts claim should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

To the extent Plaintiff attempts to raise a due process claim based on Defendant Miller's rejection of his request for a copy of the Federal Rules of Civil Procedure, Complaint, p. 2, such allegation fails to state a claim of constitutional dimension. Prison grievance procedures do not create a protected liberty interest and do not, therefore, implicate a prisoner's due process rights. *See Murray v. Albany County Board of County Commissioners*, No. 99-8025, 2000 WL 472842, *2 (10th Cir. Apr. 20, 2000) (unpublished)[1] ("[P]rison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'") (quoting *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993 )); *Anderson v. Colorado Dept. of Corrections*, No. 98-1477, 1999 WL 387163, *2 (10th Cir. June 14, 1999) (unpublished) (holding that a state inmate's § 1983 "allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest in the incarcerated petitioner"). *See also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (holding that federal prison administrative remedy procedures do not "in and of themselves" create a liberty interest in access to that procedure and finding the prisoner's right to petition the government for redress is the right of access to the courts, a

---

[1] This unpublished decision and any others cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

right that is not compromised by the prison's refusal to entertain his grievance); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that the Constitution creates no entitlement to grievance procedures or access to such procedures voluntarily established by the state); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding there is no legitimate claim of entitlement to a grievance procedure). Accordingly, any attempt to raise a claim concerning administrative grievance procedures fails to state a violation of his constitutional rights. *Walters v. Corrections Corp. of America*, No. 04-6067, *1 (10th Cir. Dec. 7, 2004) (unpublished). Therefore, this claim fails to state a claim on which relief may be granted.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's complaint be dismissed upon filing for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). It is further recommended that dismissal of this action should count as a strike pursuant to 28 U.S.C. § 1915(g).[2] Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 13th day of July, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and

---

[2] Dismissal should count as a "prior occasion" only after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 23rd day of June, 2009.

_/s/ Bana Roberts_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE